# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 04-30011-01 |
| VERSUS | * | JUDGE JAMES |
| RYAN S. MILLIKEN | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Vacate, Set Aside, or Reduce Sentence filed by defendant RYAN S. MILLIKEN. (Document No. 29). For reasons stated below, it is recommended that the motion be **DENIED**.

## BACKGROUND

On May 11, 2004, Milliken pled guilty to four counts of a superceding bill of information charging him with conspiracy to possess cocaine hydrochloride with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846; possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1); possession of a firearm during a drug trafficking offense in violation of 21 U.S.C. § 924(c)(1); and criminal forfeiture under 21 U.S.C. § 853. (Rec. Doc. 2) On November 8, 2004, Milliken was sentenced to 97 months imprisonment followed by three years of supervised release.[1] (Rec. Doc. 19).

Based on a review of the record in this matter, including the indictment, plea agreement, and pre-sentence investigation report ("PSR"), Milliken, a small business owner, engaged in multiple drug transactions with individuals via Federal Express ("FedEx") and the United Parcel Service ("UPS"). Milliken would regularly travel to Mexico or Texas, purchase various illegal drugs, and then arrange to have the drugs shipped to his business in Monroe, Louisiana.

---

[1] A later judgment of forfeiture ordered Milliken to forfeit $22,962.00, the amount of proceeds that the defendant obtained directly or indirectly as a result of the violations in Counts 1 and 3 of the bill of information.

Applying the relevant conduct rules under U.S.S.G. § 1B1.3, the PSR stated that Milliken shared responsibility for conduct involving at least 359.52 grams of powder cocaine and 18,988.68 grams of marijuana. Under the Drug Equivalency Tables of U.S.S.G § 2D1.1, one gram of cocaine equals 200 grams of marijuana. Therefore, 359.52 grams of cocaine is equivalent to 71,904 grams (or 71.904 kilograms) of marijuana. Adding the equivalent marijuana amount to the amount of marijuana that Milliken actually possessed, the total is 90,892.68 grams (or 90.89 kilograms). Based on this total, Milliken's base offense level under the United States Sentencing Guidelines was 24.

Milliken filed this motion claiming (1) improper sentencing under the United States Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), which rendered the United States Sentencing Guidelines advisory, and (2) ineffective assistance of counsel due to counsel's failure to object to the application of the relevant conduct rules in the PSR.

**LAW AND ANALYSIS**

The Law of § 2255 Actions

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. §2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992), *cert. den.*, 504 U.S. 962 (1992). The scope of relief under §2255 is consistent with that of the writ of habeas corpus. *Cates*, 952 F.2d at 151; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

Only cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which

2

could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1996); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

In *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992), the United States Court of Appeals for the Fifth Circuit stated as follows:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *U.S. v. Capua*, 656 F.2d. 1033, 1037 (5th Cir. 1981). Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding.

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 102 S.Ct. 1592-93 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*), *cert. denied*, 112 S.Ct. 978 (1992). Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (*citing Shaid*, 937 F.2d 228, 232 (5th Cir. 1991), *en banc, cert. denied*, 112 S.Ct. 978 (1992)); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). No direct appeal was made in this case, and Milliken has failed to establish either cause for or actual prejudice resulting from his procedural default.

Even if a defendant cannot establish "cause" and "prejudice," pursuant to a narrow exception, a defendant may be entitled to relief under 28 U.S.C. § 2255 if the error of a constitutional nature would result in a complete miscarriage of justice. *Murray v. Carrier*, 106 S.Ct. 2639, 2649 (1986); *Bousley v. United States*, 118 S.Ct. 1604, 1610 (1998); *United States v.*

3

*Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232. In this case, Milliken has not claimed or established actual innocence.

Retroactivity of *Booker*

For several reasons, Milliken claims that *Booker*, decided in 2005, which held that any enhancing fact must be found by a jury beyond a reasonable doubt, is retroactive and governs his sentence. As stated above, Milliken has not met the requisite cause and prejudice test with respect to this claim. Regardless, the claim is without merit.

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the Sixth Amendment right to trial by jury is violated under a mandatory guidelines system if a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury. The Supreme Court decided that the remedy was to render the guidelines advisory rather than mandatory.

The United States Court of Appeals for the Fifth Circuit, in line with every other circuit that has considered the issue, has held that *Booker* is not applicable retroactively to cases on collateral review. *In re Elwood*, 408 F.3d 211 (5th Cir. 2005). Just recently, in *United States v. Gentry*, No. 04-11221, 2005 WL 3317891 (5th Cir. Dec. 8, 2005), the Fifth Circuit reiterated this point and addressed every argument that Milliken now asserts. *Booker,* as well as *Apprendi v. New Jersey*, 530 U.S. 466 (2000), established a procedural rather than a substantive rule, and neither case fits within either of the two exceptions to non-retroactivity identified in *Teague v. Lane*, 489 U.S. 288 (1989). *See Gentry*, 2005 WL 3317891 at *2-6, n.1. Thus, Milliken is not entitled to relief under *Booker*.

Ineffective Assistance of Counsel

Ineffective assistance of counsel claims may be considered under 28 U.S.C. § 2255. *United States v. Gaudet*, 81 F. 3d 585, 589 (5th Cir. 1996); *United States v. Gipson*, 985 F. 2d 212 (5th Cir. 1993); *United States v. Navejar*, 963 F. 2d 733, 735 (5th Cir. 1992). However, not all ineffective assistance of counsel claims are cognizable for the first time on collateral attack absent proof of "manifest injustice." Substandard advice of counsel rises to a constitutional violation only if the substandard conduct deprives the defendant of his constitutional right to a fair trial or deprives the defendant of some other constitutional right. To prevail on a claim of ineffective assistance of counsel, a defendant must show both that his counsel's actions fell below an objective standard of reasonableness and that the ineffectiveness of counsel prejudiced him. *Strickland v. Washington,* 466 U.S. 668 (1984).

If the defendant does not make a sufficient showing as to one section of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). Furthermore, the parts of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997). In addition, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

In applying the first part of the *Strickland* test, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *Strickland* at 689-690. The defendant must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Strickland* at 690; *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994).

To establish prejudice, the second prong, the defendant must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally

unfair." *United States v. Saenz-Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994); *Murray v. Maggio*, 736 F. 2d 279 (5th Cir. 1984). Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *See also Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995). Accordingly, counsel cannot be ineffective for failing to raise a meritless claim. *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995).

Milliken claims that his trial counsel was ineffective for not objecting to the application of the relevant conduct rules in the PSR, which deemed him responsible for 90.89 kilograms of marijuana instead of only the amount he actually possessed upon arrest, 1.601 kilograms. Other than noting the difference in amounts, however, Milliken has failed to identify how the application of the rules under U.S.S.G. §§ 1B1.3 and 2D1.1 was improper or in error. Furthermore, no error or miscalculation is apparent from a review of PSR's application of the relevant conduct rules. The bill of information alleged that the conspiracy began sometime in 1999 and lasted through 2003. U.S.S.G. § 1B1.3 provides that a defendant's sentence shall be based on "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant," and shall include all acts and omissions committed in furtherance, during, or in avoidance of detection of a conspiracy. Additionally, U.S.S.G. § 2D1.1 sets forth a conversion table for various drugs, including the equivalent of cocaine to marijuana. Given Milliken's guilty plea, the documented transactions beginning in 1999, and the involvement of cocaine, Milliken's responsibility for 90.89 kilograms of marijuana is accurate. Accordingly, counsel's failure to assert a meritless objection does not constitute ineffective assistance of counsel.

## CONCLUSION

For the reasons stated above, it is recommended that the defendant's motion be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 17th day of January, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE